Brian H. Kim  (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095
Email: bkim@bkkllp.com
       jkeenley@bkkllp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | ) Case No.: 3:21-cv-1392 |
| Plaintiff, | ) **COMPLAINT (ERISA)** |
| v. | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
| Defendants. | ) |

## INTRODUCTION

1. This case challenges Defendant LINA Assurance Company of Canada's ("LINA") denial of Plaintiff Jane Doe's claim for long-term disability ("LTD") benefits under the Stephens Institute DBA Academy of Art University Long Term Disability Plan (the "Plan").

Plaintiff was and is Totally Disabled under the terms of the Plan and entitled to benefits under the Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because both Defendants can be found in this Judicial District, and the ERISA-governed plan at issue was administered in part in this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco / Oakland Division because both Defendants may be found within this division, the Plan at issue was administered in part in this Division and Plaintiff resides in this Division.

## PARTIES

5. Plaintiff Jane Doe is an individual who resides in San Francisco, California and is proceeding as Jane Doe because the underlying factual issues in this case concern sensitive and confidential medical information relating to mental health conditions, including but not limited to steroid induced psychosis and post-traumatic stress disorder. Defendants can identify Jane Doe by the LINA Incident Number 11469222-01. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. At all relevant times, the "Plan" was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by the Stephens Institute DBA Academy of Art University, (the "Academy") which maintains an office at, San Francisco,

California.  LINA was and remains the de facto co-plan administrator and co-claims fiduciary of the Plan.

7. At all relevant times, Plaintiff was employed by Academy, and as such was enrolled in the Plan, to wit:  a group insurance contract issued by LINA, Policy NumberLK-0964307 (the "Policy").  As the payor of benefits and the claims administrator of the Plan, LINA operates under a structural conflict of interest as defined by *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

8. At all relevant times LINA is an insurance corporation and subsidiary of LINA Financial and is authorized to engage in the business of insurance in the State of California.

**FACTS**

9. The Plan and Policy provides for LTD benefits provided that an employee/participant can establish "Disability".  In order to obtain LTD benefits under the Plan, a claimant must be found "Disabled" through and beyond a 180-day Elimination Period. "Disability" is defined in the Plan and Policy as the inability due to Injury or Sickness to "perform the material duties of his or her Regular Occupation" whereby LTD benefits are payable after satisfying a 180-day Benefit Waiting Period.  After 24 months of LTD benefits have been paid, the definition of Disability changes to the inability to perform "the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience" and the inability "to earn 80% or more of his or her Indexed Earnings."

10. At all times material hereto, Plaintiff had been employed as a 3D Design Coordinator for the Academy and was eligible for coverage for LTD benefits under the Plan

11. On or around November 5, 2018, while the Plan was in full force and effect, Plaintiff became Disabled under the terms of the Plan after due to a variety of co-morbid medical conditions, which included but are not limited to Sweet's Syndrome, steroid-induced psychosis,

post-traumatic stress disorder and Neuro Sweet Syndrome.  She remains Disabled under the terms of the Plan and entitled to LTD benefits under the Plan and the Policy.

12. Plaintiff applied for LTD benefits under the Plan and Policy, and despite the evidence supporting her continued Disability, LINA denied her claim on April 7, 2020, claiming erroneously that she was not Disabled through the Elimination Period and therefore failed to establish Disability under the Plan.

13. Plaintiff timely appealed the wrongful denial letter on November 20, 2020, providing comprehensive evidence that she continued to be Disabled under the terms of the Policy due to her co-morbid medical conditions and the resulting cognitive and physical impairments from those conditions.

14. As the claims fiduciary of the Plan, LINA was required under the terms of the Plan and the Policy to render a decision on Plaintiff's appeal within 45 days of receiving said appeal, unless it provided written notice to Plaintiff that it required an additional 45 days to decide Plaintiff's appeal.  29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i).  However, LINA violated these ERISA regulations and the terms of the Policy by failing to provide a determination on Plaintiffs appeal by February 18, 2021, within the 90-day period required under the ERISA regulations and the terms of the Policy.  As a result, Plaintiff's appeal of LINA's denial of LTD benefits has been "deemed denied" under ERISA, and Plaintiff therefore has exhausted his administrative remedies concerning her claim for disability benefits, and this matter is ripe for judicial review under a *de novo* standard of review.  *Jebian v. Hewlett Packard Co.,* 349 F.3d 1098, 1107 (9th Cir. 2003).

15. LINA's actions are contrary to the terms of the Plan, the Policy and California law and have no reliable evidentiary support.  LINA's actions are also contrary to the reports and assessments of all of the doctors who have evaluated and treated Plaintiff.  LINA's determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law.  In adjudicating Plaintiff's claims, LINA's actions fell well below

the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

16. As a direct and proximate result of the aforementioned acts of LINA, Plaintiff suffered damages as outlined below.

17. As the result of the actions of LINA, and each of them, Plaintiff has been improperly denied LTD benefits under the Plan to which she is entitled together with interest thereon.

18. As a further result of the actions of LINA, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her disability insurance benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against LINA]**

19. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

20. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

21. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff became and remains Totally Disabled and entitled to LTD benefits under the LTD Plan and the Policy.

22. By denying Plaintiff's claim for LTD benefits, and by related acts and omissions, LINA has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder. LINA's refusal to pay Plaintiff benefits violates the terms of the LTD Plan, and LINA's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, LINA failed and refused to honor the LTD Plan. LINA is therefore liable for all benefits due under the Plan.

23. Furthermore, because the Policy states that "Policy Anniversaries will be annual beginning on January 1, 2013" and LINA's denials occurred after January 1, 2013, any

discretionary authority conferred by the Policy on LINA is null and void under California Insurance Code § 10110.6 and LINA's decision must be decided under a de novo standard of review. *See, e.g., Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625,* 856 F.3d 686, 695 (9th Cir. 2017).

24. As a proximate result of LINA's actions, Plaintiff has been deprived of her LTD benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 16-18. Plaintiff further seeks a declaration as to her entitlement to future LTD benefits, as follows: an injunction prohibiting LINA from terminating or reducing her LTD benefits until the end of the maximum benefit period as set forth in the LTD Plan and the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that LINA violated the terms of the Plan by denying Plaintiff's claim for LTD benefits;

B. Order that LINA pay Plaintiff's past LTD benefits owed under the terms of the LTD Plan through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future LTD benefits under the terms of the LTD Plan;

D. Prohibit LINA from terminating or reducing Plaintiff's LTD benefits until the end of the maximum benefit period as set forth in the Plan and Policy;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

F. Award prejudgment interest on all benefits owed under the terms of the Plan that have accrued prior to the judgment; and

G. Provide such other relief as the Court deems equitable and just.

Dated:  February 25, 2021

BOLT KEENLEY KIM LLP

By: /s/ Brian H. Kim
    Brian H. Kim
    Attorneys for Plaintiff